IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN C. LYNN, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-4721-N |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
|    Defendant. | § | |

## ORDER

This Order addresses Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") partial motion to dismiss [doc. 18]. Because Lynn's ADEA and TCHRA failure-to-hire claims were neither included in Lynn's charge of discrimination nor do they grow out of Lynn's charge of discrimination, the Court grants Wells Fargo's motion and dismisses these two claims without prejudice.

### I. THE EMPLOYMENT DISPUTE

Plaintiff Steven C. Lynn was an employee at Wells Fargo from November 1, 2004 to February 4, 2013. Lynn's time as an employee ended when Wells Fargo terminated him. At the time of Lynn's termination, Lynn was 60 years old. On April 5, 2013, Lynn dually-filed a charge of age discrimination against Wells Fargo with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC"). On September 30, 2013, the EEOC mailed Lynn a dismissal and a notice of his right to file a civil action.

ORDER – PAGE 1

On November 27, 2013, Lynn filed suit in this Court, alleging that Wells Fargo violated the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. §§ 621 *et seq.*, as well as the Texas Commission on Human Rights Act ("TCHRA"), *see* TEX. LABOR CODE §§ 21.001 *et seq.*, in both discharging Lynn and failing to hire Lynn for an open position as Senior Relationship Manager. Lynn also alleges that Wells Fargo fraudulently induced Lynn to execute an agreement containing a general release of claims – including age discrimination claims – by assuring and representing to Lynn that he would be hired for a Senior Relationship Manager position. Thus, Lynn's complaint contains a total of five claims: (1) an age-discrimination claim under the ADEA for wrongful termination; (2) an age-discrimination claim under the TCHRA for wrongful termination; (3) an age-discrimination claim under the ADEA for failure to hire; (4) an age-discrimination claim under the TCHRA for failure to hire; and (5) a common law fraud claim.

Defendant Wells Fargo now files a motion to dismiss Lynn's ADEA and TCHRA failure-to-hire claims. Wells Fargo brings this partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming this Court lacks subject matter jurisdiction over these two claims.

## II. THE COURT HAS JURISDICTION OVER LYNN'S ADEA AND TCHRA FAILURE-TO-HIRE CLAIMS

Wells Fargo claims that Lynn's ADEA and TCHRA failure-to-hire claims were not included in the charge of discrimination Lynn filed with the EEOC, and, thus, Lynn has not satisfied the ADEA and TCHRA's exhaustion requirement for each claim. Wells Fargo argues this exhaustion requirement under either the ADEA or the TCHRA is a jurisdictional

prerequisite, and failure to satisfy this requirement for any particular claim deprives courts of subject matter jurisdiction over such claims. The Court disagrees – this Court has subject matter jurisdiction over Lynn's ADEA and TCHRA failure-to-hire claims regardless of whether the exhaustion requirement at issue in this case has been met.

### A. Filing a Charge of Discrimination is Not a Jurisdictional Prerequisite Under the ADEA

"[A] person seeking relief under the ADEA must first file an administrative charge with the EEOC." *Julian v. City of Houston*, 314 F.3d 721, 725 (5th Cir. 2002). "For cases arising in Texas, a complainant must file within 300 days of the last act of discrimination. After timely filing the EEOC charge, the complainant must then wait sixty days before filing a civil action." *Id.* at 726 (citations omitted).

Despite ongoing uncertainty within the Fifth Circuit,[1] this Court determines that the bulk of the more recent authority – both binding and persuasive – treats exhaustion of administrative remedies in the context of the filing of an EEOC charge for a workplace discrimination claim as merely a condition precedent, rather than a jurisdictional requirement.

As stated by the Fifth Circuit, "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)); *see also Stith v. Perot Sys. Corp.*, 122 Fed.

---

[1] *See Pacheco v. Mineta*, 448 F.3d 783, 788 n. 7 (5th Cir. 2006).

App'x. 115, 118 (5th Cir. 2005) ("Filing a charge with the EEOC is a condition precedent to the filing of a title VII or ADEA suit.") (per curiam) (unpublished opinion); *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 976 n.3 (N.D. Tex. 2011) ("Courts in this district have repeatedly held that exhaustion of administrative remedies is a statutory condition precedent to maintaining a Title VII action in district court, not a jurisdictional prerequisite." (internal quotation marks and alteration omitted)); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 400 (6th Cir. 2008) (stating that defendant's "assertion that the [ADEA] exhaustion requirement is a jurisdictional prerequisite is no longer accurate in light of the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)").

### B. Filing a Charge of Discrimination is Not a Jurisdictional Prerequisite Under the TCHRA

"Before suing an employer under the TCHRA, an aggrieved employee must first exhaust his administrative remedies by filing a complaint with the TWC 'not later than the 180th day after the date the alleged unlawful employment practice occurred.'" *Adams v. Cedar Hill Indep. Sch. Dist.*, 2014 WL 66488, at *4 (N.D. Tex. 2014) (quoting TEX. LAB. CODE § 21.202(a) (2006)). "In order to comply with this exhaustion requirement, an employee must: (1) file a complaint with the [TWC] within 180 days of the alleged discriminatory act; (2) allow the [TWC] to dismiss the complaint or resolve the complaint within 180 days before filing suit; and (3) file suit no later than two years after the complaint is filed." *Id.* (alterations in original). "A complaint filed with the EEOC – the federal agency responsible for administering Title VII and ADEA claims – and forwarded by the EEOC to

the TWC satisfies the filing requirements of the TCHRA." *Id.* (citing *Price v. Phila. Am. Life Ins. Co.*, 934 S.W.2d 771, 773–74 (Tex. App. – Houston [14th Dist.] 1996, no writ)).

The Fifth Circuit recently held that the TCHRA's exhaustion of remedies requirement is also not a jurisdictional prerequisite. *See Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (citing *In re USAA*, 307 S.W.3d 299, 306 (Tex. 2010)). As stated by the *Gorman* Court: "[T]he TCHRA's exhaustion of remedies requirement is not expressly required by the statute but is inferred by the courts from the statute's structure. Consequently, the 'clear legislative intent' that *USAA* held was necessary to render a provision jurisdictional is lacking." *Id.* at 169–70 (citations omitted).

### III. THE COURT TREATS WELLS FARGO'S MOTION AS A RULE 12(B)(6) MOTION TO DISMISS

Despite Wells Fargo bringing its motion to dismiss this ADEA claim under Rule 12(b)(1), the Court treats Wells Fargo's motion as a Rule 12(b)(6) motion in deciding whether the exhaustion requirement was satisfied as to Lynn's ADEA and TCHRA failure-to-hire claims. *See, e.g.*, *King v. Life Sch.*, 809 F. Supp. 2d 572, 578 (N.D. Tex. 2011) ("When the failure to exhaust is a condition precedent rather than a jurisdictional prerequisite, a motion to dismiss based on such a failure is properly filed pursuant to Rule 12(b)(6) rather than Rule 12(b)(1). The school's 12(b)(1) motion to dismiss Plaintiff's ADEA and Title VII claims will therefore be treated as a 12(b)(6) motion to dismiss for failure to state a claim."). The Court determines employment of such a procedure to be fair: The parties' briefs focus primarily on whether the ADEA and TCHRA's exhaustion requirement was satisfied as to Lynn's failure-to-hire claims; Lynn requested that, if the

Court was not going to outright deny Wells Fargo's motion as being misplaced, the Court should treat Wells Fargo's motion "as a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief could be granted, and [Lynn] should be afforded the benefit of having the Court consider all of his well-pleaded facts as true and viewed in the light most favorable to him," *see* Pl.'s Resp. 8 [20]; and the Court ultimately dismisses Lynn's failure-to-hire claims without prejudice. *Cf. Baney v. Mukasey*, 2008 WL 706917, *4–5 (N.D. Tex. 2008).

### IV. RULE 12(B)(6) LEGAL STANDARD

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted).

## V. THE COURT DISMISSES LYNN'S ADEA AND TCHRA FAILURE-TO-HIRE CLAIMS

The parties do not dispute that Lynn's charge of discrimination, filed with the EEOC on April 5, 2013, does not explicitly reference any allegations of age discrimination related to Wells Fargo's decision not to hire Lynn for the Senior Relationship Manager position.

ORDER – PAGE 7

Instead, Lynn argues that his failure-to-hire claims "are sufficiently related to those set forth in the charge." Pl.'s Resp. 13. Lynn further argues that these failure-to-hire claims are included within the scope of the charge of discrimination he filed because they are "inextricably intertwined with his termination and allegation of fraudulent inducement." *Id.* at 11. Lynn thus claims that the exhaustion requirement to his ADEA and TCHRA failure-to-hire claims is satisfied because his "failure to hire claims are not only like or related to his discriminatory discharge claim, they are an essential element of his charge" and "the facts forming the basis of his claims occurred before he filed – and are included in – the EEOC charge." *Id.* at 12, 17.

### A. Applicable Legal Standards for the ADEA and TCHRA's Exhaustion Requirement

The ADEA and TCHRA's requirement of filing a charge of discrimination still can be satisfied as to claims not explicitly stated in the filed charge.[2] "The [ADEA's] administrative-exhaustion requirement is also considered met for any other claims within 'the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 569 (5th Cir. 2012) (per curiam) (unpublished opinion) (quoting *Pacheco*, 448 F.3d at 789). In examining this

---

[2]In this section's analysis, there is no relevant difference between Lynn's ADEA failure-to-hire claim and his TCHRA failure-to-hire claim. *See McClaren v. Morrison Mgmt. Specialists, Inc.,* 420 F.3d 457, 462 (5th Cir. 2005) ("Texas's provision for age discrimination claims, TEX. LAB. CODE §§ 21.001–.556, was designed in part to bring Texas 'in line with federal laws addressing discrimination.'" (quoting *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996))); *In re USAA*, 307 S.W.3d at 306 ("'[A]nalogous federal statutes and the cases interpreting them guide our reading of the TCHRA.'" (quoting *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001))).

question, this Court turns to the guidance provided by the Fifth Circuit in *Pacheco* regarding this issue in the Title VII context.[3]  As stated by the Court in *Pacheco*:

> The scope of the exhaustion requirement has been defined in light of two competing Title VII policies that it furthers.  On the one hand, because "the provisions of Title VII were not designed for the sophisticated," and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally.  On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims.  Indeed, "[a] less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance."

448 F.3d at 788–89 (citations and footnotes omitted).  A court, with this balance in mind, reviews a workplace discrimination claim "somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can

---

[3]The Court relies on caselaw involving Title VII claims – in addition to caselaw involving ADEA claims – because, on the issue before the Court, the two statutory schemes involve the same enforcement agency, the same regulations, and the same general purposes.  As stated by the Seventh Circuit in *Reynolds v. Tangherlini*:

> The EEOC's procedural regulations for ADEA charges are, in turn, the same as those governing Title VII charges.  *See* 29 C.F.R. §§ 1614.103, .201, .407. The applicable statutory provisions and regulations do not address the permissible scope of a civil action in federal court after bringing an administrative charge.  But there is no relevant difference between the ADEA and Title VII in this regard, so we will apply the same rule: A plaintiff bringing a civil action under the ADEA against a federal employer may bring claims actually charged in the administrative proceeding and also claims that are "like or reasonably related to" the administrative charges.  *See Shelley v. Geren*, 666 F.3d 599, 606 (9th Cir. 2012) (applying the "like or reasonably related to" standard to claims brought under the federal-sector provision of the ADEA).

737 F.3d 1093, 1101–02 (7th Cir. 2013).

ORDER – PAGE 9

reasonably be expected to grow out of the charge of discrimination.'" *Id.* at 789 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).  In following the Fifth Circuit's guidance, this Court will "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label" when determining whether Lynn's failure-to-hire claims "grows out of the charge of discrimination." *Id.* (citations omitted).

### B. Lynn's ADEA and TCHRA Failure-to-Hire Claims Do Not Grow Out of Lynn's Charge of Discrimination

Lynn's EEOC charge of discrimination states:

I. Personal Harm

Wells Fargo Bank, NA terminated by employment effective February 3, 2013, and then fraudulently induced me to execute a general release and waiver of claims.  As a result, I have lost a substantial amount of pay and employment benefits and I continue to sustain financial losses.  I have also suffered severe humiliation and emotional distress because of the employer's decision to discharge me and then secure an invalid release by deception.

II. Respondent's Reason for Adverse Action

The company stated it was eliminating my position.

III. Discrimination Statement

I believe that the employer has discriminated against me because of my age (60) in violation of the Age Discrimination in Employment Act, as amended, and the Texas Commission on Human Rights Act, as amended.

Pl.'s Resp. 6–7 (citing Def.'s Mot. to Dismiss, App. 0013 [19]).

Construing the charge of discrimination liberally, the Court finds no indication of any age-discrimination for failure to hire allegations on the plain face of the charge.  Lynn's

ORDER – PAGE 10

allegations of fraudulent inducement and wrongful termination in the charge of discrimination by no means necessitates or even hints at Wells Fargo wrongfully refusing to hire Lynn for the Senior Relationship Manager position because of his age. Lynn's allegations of discrimination in the charge are focused on his termination. While the Senior Relationship Manager position is implicitly referenced in the charge by Lynn's mention of fraudulent inducement, this appears to be only in reference to Lynn's claim that any release he signed should be invalid – Lynn's charge does not even mention the word "hire," let alone raise allegations that Wells Fargo discriminated on the basis of age in not hiring Lynn for a different position within the company.

Furthermore, Lynn's charge makes no mention of certain underlying facts necessary to establish a prima facie failure-to-hire claim under both the ADEA and TCHRA[4] – namely, that Wells Fargo hired someone younger for the Senior Relationship Manager position. By Lynn's own admissions to the Court, Lynn was not even aware that Wells Fargo hired someone younger than Lynn for the Senior Relationship Manager position until November 7, 2013. *See* Pl.'s Resp. 20–21. Lynn therefore had no knowledge regarding of one of the

---

[4]*See generally Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) ("To establish a prima facie case of age discrimination, a plaintiff must show that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." (citation omitted)); *McClaren*, 420 F.3d at 462 ("In order to establish a prima facie case of age discrimination under the TCHRA in a non-selection or failure to hire case, [plaintiff] must show that: (1) he was in the protected class; (2) he was qualified for the position sought; (3) he was not selected; and (4) he was either (a) replaced by another person outside of the protected class; (b) replaced by someone younger; or (c) otherwise not selected because of age." (footnotes and citations omitted)).

necessary underlying facts regarding any sort of age-discrimination hiring claim at the time Lynn filed his charge of discrimination or during the EEOC investigation.[5] Thus, there appears to be no dispute between Lynn and Wells Fargo regarding Wells Fargo discriminating by age in not hiring Lynn (1) at the time Lynn filed his charge of discrimination with the EEOC on April 5, 2013, (2) throughout the EEOC's investigation on Lynn's charge of discrimination, and (3) when Lynn received the dismissal and notice of a right to file a civil action from the EEOC on September 30, 2013.  Ultimately, Lynn provides no facts in his complaint that could possibly show that Lynn believed he was not hired because of his age when he filed the charge of discrimination, that the EEOC's investigation touched on possible discrimination by Wells Fargo in failing to hire Lynn for the Senior Relationship Manager position, or that Wells Fargo had any sort of notice regarding the allegations of age discrimination in failing to hire Lynn.

Thus, the Court concludes that Lynn has failed to satisfy the exhaustion requirement for his ADEA and TCHRA failure-to-hire claims.  Accordingly, the Court dismisses these two claims without prejudice.[6]

## CONCLUSION

---

[5]Not only does Lynn admit lacking this information, Lynn, in making an equitable tolling argument, implicitly argues that he did not know nor should he have known that he might have an age discrimination claim for a failure to hire.  *See* Pl.'s Resp. 20

[6]"When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citing *Taylor*, 127 F.3d at 478; *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)).

Because Lynn failed to satisfy the exhaustion requirement as to his ADEA and TCHRA failure-to-hire claims, the Court grants Wells Fargo's motion and dismisses these motions without prejudice.

Signed August 25, 2014.

_____
David C. Godbey
United States District Judge